DECISION
Harry W. Hendricks, defendant-appellant, appeals the November 2, 2000 judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator.
On December 9, 1985, a jury convicted appellant on two counts of gross sexual imposition, in violation of R.C. 2907.05, and three counts of rape, in violation of R.C. 2907.02, arising from appellant's sexual conduct with his twelve-year-old stepdaughter from August 1984 to March 1985. Appellant forced the victim to participate in fellatio and cunnilingus on several occasions and, on at least one occasion, he masturbated in her presence and ejaculated on her. Further, because appellant threatened to kill the victim and her mother if she told anyone about the incidents, the jury found the victim was compelled to submit by force or threat of force, in violation of R.C. 2907.02(B). The trial court sentenced appellant to serve two consecutive terms of life imprisonment. We affirmed the conviction in State v. Hendricks (Sept. 8, 1987), Franklin App. No. 85AP-1066, unreported.
The Ohio Department of Rehabilitation and Correction referred appellant to the trial court for a sexual predator hearing pursuant to R.C.2950.09(C). On October 30, 2000, a hearing was held, at which appellant testified in the state's case-in-chief, and Nancy Steele, Ph.D., testified for appellant. On November 2, 2000, the trial court found appellant to be a sexual predator. Appellant appeals the judgment finding him to be a sexual predator, presenting the following assignment of error:
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT THE APPELLANT WAS A SEXUAL PREDATOR WHEN THE STATE DID NOT ESTABLISH BY CLEAR AND CONVINCING EVIDENCE THAT THE APPELLANT IS LIKELY TO COMMIT A SEXUALLY ORIENTED OFFENSE AFTER HIS RELEASE FROM PRISON.
In order for a sex offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. State v. Eppinger (2001), 91 Ohio St.3d 158, 163; R.C. 2950.01(E) and 2950.09(B)(3). "Clear and convincing evidence is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. When reviewing an issue that must be supported by clear and convincing evidence, the appellate court will examine the record to determine whether the trier of fact had sufficient evidence before it to satisfy the requisite degree of proof. Id. at 477.
R.C. 2950.09(B)(2) lists the factors a court shall consider in making a determination as to whether an offender is a sexual predator. They include, but are not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Appellant's argument is based largely upon the testimony of Dr. Steele, the administrator of the Magellan Sex Offender Program at the North Central Correctional Institution, which appellant completed. Dr. Steele indicated that the most reliable predictor of sex offense recidivism is the "Static 99" risk assessment. The Static 99 is based upon a sample of one thousand two hundred thirty-one sex offenders released in Canada and Great Britain, and identifies ten factors, including prior sex offenses, non-sexual offenses, the relationship to the victim, the gender of the victim, the age of the offender, and whether the offender has lived with a partner for two or more years. Dr. Steele testified that appellant scored a zero on the Static 99, which is the lowest score possible.
Appellant contends that an examination of the factors in R.C.2950.09(B)(2) does not support the finding that he is a sexual predator. When applied to the underlying facts of the case and Dr. Steele's testimony, several factors weigh against the likelihood of appellant engaging in one or more sexually oriented offenses. Appellant was in his early forties when he committed the acts in question, he is currently fifty-eight, and will be sixty-two before he is eligible for parole. Dr. Steele testified that based upon studies, sex offenders become less likely to reoffend as they get older, specifically after the age of twenty-five, according to the Static 99. See R.C. 2950.09(B)(2)(a). Appellant has had no prior sex offenses, and the only other offense he had was a remote misdemeanor offense for public intoxication in 1967. See R.C. 2950.09(B)(2)(b) and (f). There is no allegation of multiple victims. See R.C. 2950.09(B)(2)(d). There was no use of alcohol or drugs in perpetrating appellant's crimes. See R.C. 2950.09(B)(2)(e). There is no indication in the record that appellant suffers from any illness or disability. See R.C. 2950.09(B)(2)(g). Also, appellant has served in the military and held the same job for twenty years prior to the offenses in question.
In addition, there are other unenumerated factors that may be weighed against a sexual predator finding pursuant to R.C. 2950.09(B)(2)(j). First, Dr. Steele testified that based upon the Static 99, she believed appellant was a very low risk to reoffend. Second, appellant participated in numerous self-help and educational programs while incarcerated. In addition to the Magellan Sex Offenders Program, appellant completed or participated in the United Way Fund Special Achievement; exceptional service as a lab clerk for the infirmary; a self-esteem class; a family development class; Red Cross family development; Red Cross stress management; financial planning; moral reasoning; Big Book (A/A); A/A orientation; active parenting; and a twelve-step drug program. Dr. Steele testified that obtaining such treatment and education reduces appellant's chances of recidivism. Thus, we find all of these factors militate against appellant being found a sexual predator.
However, in reviewing the totality of the circumstances and the evidence presented, we believe the state presented sufficient evidence, as to several factors in R.C. 2950.09(B)(2), to constitute clear and convincing evidence that appellant is likely to engage in future sexually oriented offenses. Importantly, at the time of the offenses, the victim was twelve years old (although she claimed that the sexual molestation began when she was eight years old, a claim which appellant denies), and appellant was in his early forties. Evidence concerning an adult engaging in sexual activity with a young child is a factor to be considered in support of a sexual predator finding. R.C. 2950.09(B)(2)(a) and (c). We recently restated our position concerning offenders who have committed sexual abuse of children in State v. Kairis (Feb. 27, 2001), Franklin App. No. 00AP-1053, unreported:
 The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable. State v. Jackson (June 8, 2000), Franklin App. No. 99AP-789, unreported, quoting State v. Henderson (Sept. 28, 1999), Franklin App. No. 98AP-1591, unreported.
Additionally, with regard to sexual activity with a stepdaughter, we have previously discussed that, given the "deeply ingrained and powerful social prohibitions against both incest and sexual relations with young children, the trial court could properly conclude that appellant's compulsion to commit these kinds of sexual offenses was deeply ingrained and that he was likely to re-offend." State v. Davis (Aug. 10, 2000), Franklin App. No. 00AP-12, unreported, citing State v. Harden (Oct. 29, 1998), Franklin App. No. 98AP-223, unreported; State v. Henderson (Sept. 28, 1999), Franklin App. No. 98AP-1591, unreported.
In addition, appellant repeatedly raped the victim over an extended period of time. Appellant forced his stepdaughter to participate in fellatio and cunnilingus on several occasions and, on at least one occasion, masturbated in her presence and ejaculated on her. The victim alleged the sexual activity lasted approximately four years. Appellant maintains the sexual activity lasted only seven months, from September 1984 to March 1985, approximately the same period alleged in the indictment. Regardless, we recently found that one count of forced fellatio and one count of forced cunnilingus occurring over a period of eight months establishes a demonstrated pattern of abuse and invokes R.C. 2950.09(B)(2)(h) in support of the sexual predator finding. See State v. Jackson (Feb. 20, 2001), Franklin App. No. 00AP-183, unreported. We have also stated that "the commission of multiple sex offenses over a period of time can show that the defendant has a compulsion, and that he or she likely `will have a similar compulsion in the future to commit these kinds of sexual offenses.'" Id., quoting State v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, unreported; see, also, State v. King (Mar. 7, 2000), Franklin App. No. 99AP-597, unreported.
Further, appellant also threatened to kill the victim or her mother if she told anyone about the incidents. At the original trial on the underlying offenses, the victim testified that appellant told her to never tell anyone and said that if she did tell, he would go to jail, break out, and kill her and her mother. Thus, pursuant to R.C.2950.09(B)(2)(i), appellant displayed cruelty and threats in the commission of the offenses, which supports a sexual predator finding.
With regard to any unenumerated factors, we note a portion of Dr. Steele's testimony, which was also pointed out by the trial court. Dr. Steele testified that it would "[n]ot be a good idea" for appellant to live with young children. Dr. Steele also stated that it would be an unacceptably high risk for appellant to hold a position of trust over children. Thus, her testimony that appellant was a "low risk" to reoffend was not applicable to all situations. She reiterated with specific application to appellant that "[t]here are certain things he could do or certain situations he would be in which would be very unwise for him and would increase his risk."
We also add that although appellant's participation in programs and education, particularly those related to sexual offenses, while incarcerated, is commendable and encouraged, we have recently reiterated that a trial court acts within its discretion when it finds an individual to be a sexual predator based upon clear and convincing evidence, even though the individual, while incarcerated, completed various counseling programs, including a sex offender program. See State v. Ray (May 3, 2001), Franklin App. No. 00AP-1122, unreported.
Therefore, the trial court was justified in finding appellant was proven to be a sexual predator by clear and convincing evidence and that the mitigating factors (including the young age of the child, his familial relationship to the child, his threats while committing the acts, and his repeated pattern of abuse) were not sufficient to outweigh the factors that indicate appellant is likely to engage in the future in one or more sexually oriented offenses.
Accordingly, appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
 _____________________ BROWN, J.
LAZARUS, J., concurs. KENNEDY, J., concurs in judgment only.